SILSBEE (MELLUS v.). See Case No. 9,404.

SILSBY (FOOTE v.). See Cases Nos. 4,916–4,920.

SILVER (DUNLOP v.). See Case No. 4,169.

---

## Case No. 12,854.

### SILVER v. HENDERSON et al.

[3 McLean, 165.] [1]

Circuit Court, D. Indiana. May Term, 1843.

NOTES—DEMAND—ASSIGNMENT—PLEADING.

1. Where a note is made payable at a particular place, a demand at such place, when the note becomes due, is not necessary, to maintain an action against the maker.

2. An averment that the note was assigned on the day, or at the time of its execution, is sufficient.

3. Where an action is brought against two, as the survivors of one, who executed a joint note, it is not essential to allege in the breach, that the note had not been paid by the deceased.

[Cited in Ripka v. Pope, 5 La. Ann. 61.]

At law.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Coombs for plaintiff.
Mr. Cooper, for defendants.

OPINION OF THE COURT. This action was brought on a promissory note, payable at the branch bank at Fort Wayne. The defendants demurred to the declaration, and assigned the following causes of demurrer: (1) That presentment and demand of payment of the note at the bank, when it became due, is not averred in the declaration. (2) That the suit is brought in the name of the assignee, and the declaration does not aver that the money had not been paid to the assignors, nor that it had been assigned before due. (3) That the suit is against Stevens and Henderson, survivors of William A. Henderson, upon an alleged joint contract; and the breach is, that the money was not paid by the survivors to the assignee.

As to the first ground of demurrer, it is settled that, as against the maker of a note, payable at a particular place, no demand of payment is necessary. There was, at one time, much discussion in England on this point; and it was decided differently by the courts of king's bench and common pleas; the latter requiring a demand of payment at the place stipulated; and this construction was sustained by an appeal to the house of lords. But parliament interfered and established the contrary rule, as decided by the king's bench. In this country there has been a diversity of decisions on the point, but the supreme court, in Covington v. Comstock, 14 Pet. [39 U. S.] 44, held that a demand in such a case was unnecessary to sustain an action against the maker of the note. If the defendant was ready to pay, or in fact did pay into the bank the amount to be paid to the holder of the note, it is matter of defence. To sustain an action against an indorser, a demand, of course, must be made.

As to the second ground of demurrer, the declaration alleges the date of the note to be December 8, 1836, payable in twelve months, and that it was then and there assigned; that is, on the day it was executed. This averment is sufficient.

The third cause of demurrer is not sustainable. William A. Henderson, who is dead, is not a party to this suit. If during his life he paid the note, it is matter of defence. Where a person declared upon a bill of exchange, drawn upon and accepted by three persons, and it was proved to have been drawn upon and accepted by three, jointly, with a fourth, plaintiff recovered, and it was held to be no variance. Mountstephen v. Brooke, 1 Barn. & Ald. 224. It is usual in the declaration on a joint demand, as for goods sold, &c., against the survivor of a partnership, to allege the joint undertaking, &c., the death of one of the partners, who did not, in his life time, pay, &c., but a count is good on promises by the surviving partner, or, where the amount is stated, without noticing the deceased. 2 Saund. Pl. & Ev. 709. In 1 Johns. Cas. 405,

in an action of assumpsit for goods which were sold to two partners, against the survivor, it was held "to be unnecessary to notice the survivorship. In such case, the executor of the deceased partner, at law, is discharged from liability."

The demurrer is overruled. Judgment.